Stratford School Dist. v. Employers    CV-94-488-B    11/08/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Stratford School District, SAU #58

    v.                                        Civil No. 94-488-B

Employers Reinsurance Corporation, et al.


**O R D E R**

Stratford School District, SAU #58 ("Stratford") petitioned for a declaratory judgment to require Reliance Insurance Company ("Reliance") to defend it in an underlying suit brought in state court. Both parties have moved for summary judgment. For the reasons that follow, I grant summary judgment in favor of Reliance and deny Stratford's motion for partial summary judgment.


**I. BACKGROUND**[1]

Stratford seeks to establish Reliance's duty to provide a defense in a suit pending in Grafton County Superior Court. The plaintiffs in the underlying suit allege that the minor plaintiff

---

[1] The facts recited here are taken from the parties' submissions in support of their pleadings and are provided for purposes of background information only. I make no findings as to the truth of any of the background facts.

was sexually assaulted by a teacher at her Littleton school between the spring of 1990 and the fall of 1992. The plaintiffs also allege that the teacher was hired and taught in the Stratford school system until 1986, where he was reprimanded following complaints of sexual assaults on two students. The teacher was then hired by the Littleton school system beginning in the fall of 1986. The underlying plaintiffs allege that Stratford was at least negligent in its employment of the teacher, failure to report the complaints of sexual assaults, and failure to warn the subsequent school system of the teacher's pedophilia. The plaintiffs allege injuries of "severe emotional trauma, including depression, anxiety and fear of unpermitted and unwanted sexual contact."

Stratford relies on three policies issued by Reliance providing commercial general liability insurance to Stratford for successive years between July 1988 and July 1991. These are "occurrence" policies that agree to provide coverage for claims for bodily injury caused by an occurrence within the policy period. Based on the three policies, Stratford moves for partial summary judgment as to Reliance's duty to provide a defense in the underlying action. Reliance moves for summary judgment on the grounds that policy exclusions for claims arising out of

2

sexual assault or molestation in each of the policies preclude coverage. I address the cross motions for summary judgment as follows.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if the record taken in the light most favorable to the nonmoving party shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Commercial Union Ins. Co. v. Walbrook Ins. Co.</u>, 7 F.3d 1047, 1049 (1st Cir. 1993). A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). I review the parties' motions under the appropriate standard.

## III. <u>DISCUSSION</u>

Stratford moved for declaratory judgment pursuant to N.H.

Rev. Stat. Ann. § 491:22 (Supp. 1994).[2]  When coverage provided

by particular insurance policies is disputed under this statute,

the insurer bears the burden of showing noncoverage.  N.H. Rev.

Stat. Ann. § 491:22-a (1983); Niedzielski v. St. Paul Fire &

Marine Ins. Co., 134 N.H. 141, 147 (1991) (citing Laconia Rod &

Gun Club v. Hartford Accident & Indem. Co., 123 N.H. 179, 182

(1983)).  If disputed terms are not defined in the policy or by

judicial precedent, they are construed according to their plain

and ordinary meaning in the context of the policy and "in the

light of what a more than casual reading of the policy would

reveal to an ordinarily intelligent insured."  Concord Hosp. v.

New Hampshire Medical Malpractice Joint Underwriting Ass'n, 137

N.H. 680, 682 (1993) (internal citations and quotations omitted).

When disputed terms reasonably may be interpreted differently and

one interpretation favors coverage, the ambiguity will be

construed in favor of the insured.  Green Mountain Ins. Co. v.

George, 138 N.H. 10, 14 (1993).  I begin with Reliance's argument

that the underlying claims are barred by applicable policy

---

[2]  State remedies such as declaratory judgment are available
in diversity actions in federal court.  Titan Holdings Syndicate
v. Keene, 898 F.2d 265, 273 (1st Cir. 1990) (citing Erie R.R. Co.
v. Tompkins, 304 U.S. 64 (1938)).

exclusions.

The three policies in question state that "this insurance applies only to bodily injury and property damage which occurs during the policy period." Since the sexual assaults which form the basis of the underlying complaint did not begin until the spring of 1990, the insured has no claim for coverage under the first policy which lapsed in July 1989. See Peterborough v. Hartford Fire Ins. Co., 824 F. Supp. 1102, 1111 (D.N.H. 1993) ("[T]he time of an 'occurrence,' within the meaning of an indemnity policy, is not the time the wrongful act was committed, but the time when the complaining party was actually damaged." (internal quotations omitted)).

The remaining two policies each include substantially the same exclusion for claims arising out of sexual assault or molestation.[3] The phrase "arising out of" is not defined in

_____

[3] The exclusion in the third policy provides as follows:
Coverage does not apply to Bodily Injury, Property Damage, Personal Injury, or Advertising Injury arising out of:
(a)  the actual or threatened sexual abuse, molestation, sexual assault, or any other improper sexual acts, all whether of physical or emotional nature, by anyone to any person, or
(b)  the employment or supervision of any person who has engaged or is alleged to have engaged in any acts or conduct described in (a) above, or
(c)  the failure to protect any person from any acts or conduct described in (a) above.

5

either policy.  Although the New Hampshire Supreme Court has not yet addressed this issue, the court has interpreted the phrase "arising out of" in a different context to mean "originat[ing] from a specified source." Niedzielski, 134 N.H. at 146.  I have previously determined that a cause of action is deemed to arise out of an assault, within the meaning of an insurance policy assault exclusion, when assault is the source of the injury on which the cause of action is based even if the insured negligently allowed the assault to occur.  See Winnacunnet Cooperative School District v. National Union Fire Insurance Company, No. 93-0627-B, and School Administrative Unit #21 v. National Union Fire Insurance Company, No. 93-0671-B, (D.N.H. Aug. 29, 1995) and cases cited therein (copy attached).  Nothing about the exclusion at issue in this case suggests that the phrase should be given a different meaning here.  Moreover, the exclusions at issue in this case are broader than the exclusions at issue in Winnacunnet.  Here, the exclusions expressly apply to injuries arising out of "the failure to protect" any person from sexual abuse.  Defendants' alleged negligence in failing to report prior instances of sexual abuse by the teacher plainly falls within the scope of this exclusion.

Based upon the undisputed facts, the plaintiffs in the underlying suit allege injuries arising only from sexual assault that occurred within the coverage periods of the two policies with exclusions barring coverage for claims arising from sexual assault. Accordingly, I grant summary judgment in favor of Reliance.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment, (document no. 27) is granted, and plaintiff's motion for partial summary judgment (document no. 29) is denied. The clerk of court shall enter judgment in favor of the defendant, Reliance Insurance Company, accordingly.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 8, 1995

cc:  Bruce W. Felmly, Esq.
     Charles W. Grau, Esq.
     Jeffrey Osburn, Esq.
     Richard Gagliuso, Esq.